IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHANNON L. WILLIAMS      *

     *

      Plaintiff,      *

     *

v.      *      CV 1:06CV522-T

     *

CANNON OIL COMPANY, INC.      *

     *

      Defendant.      *

## ANSWER OF CANNON OIL COMPANY, INC.

COMES NOW Cannon Oil Company, Inc., the Defendant herein, and in answer to the Complaint, states and avers as follows:

## FIRST DEFENSE

1.      With regard to paragraph 1 of the Complaint, this Defendant denies that there has been a deprivation of rights as alleged in the Plaintiff's Complaint. Further, this Defendant denies that declaratory judgment, equitable relief, or money damages are due to be granted or awarded to the Plaintiff in this matter. This Defendant further denies that the United States Code provision cited in this paragraph has been violated by this Defendant as alleged by the Plaintiff herein.

2.      With regard to paragraph 2, this Defendant admits that the Court has the jurisdiction of this matter, without specifically adopting or asserting the accuracy of the Code provisions set forth in paragraph 2.

1

3.      With regard to paragraph 3, this Defendant denies that this Defendant is guilty of any unlawful employment practice, but acknowledges that the venue of this case in the Middle District of Alabama, Southern Division, is proper.

4.      With regard to paragraph 4, this Defendant admits the Plaintiff is an African-American female and a resident of Dale County, Alabama. This Defendant admits the other allegations of paragraph 4.

5.      With regard to paragraph 5, this Defendant denies the material allegations and demands strict proof thereof.

6.      With regard to paragraph 6 of the Complaint, this Defendant denies the material allegations and demands strict proof thereof.

7.      With regard to paragraph 7 of the Complaint, this Defendant denies the material allegations and demands strict proof thereof.

8.      With regard to paragraph 8 of the Complaint, this Defendant denies the material allegations and demands strict proof thereof.

9.      With regard to paragraph 9 of the Complaint, this Defendant denies the material allegations and demands strict proof thereof.

10.      With regard to paragraph 10 of the Complaint, this Defendant denies the material allegations and demands strict proof thereof.

11.      With regard to paragraph 11 of the Complaint, this Defendant denies the material allegations and demands strict proof thereof.

12      With regard to Section V of the Complaint, this Defendant avers that no relief

of any kind is due to the Plaintiff in this matter and that this Defendant is not liable to the

Plaintiff as set forth in the allegations of the Plaintiff's Complaint.  With regard to Section

V of the Complaint, this Defendant denies the material allegations and demands strict proof

thereof.

## SECOND DEFENSE

13.      This Defendant avers that the Plaintiff has not exhausted administrative

remedies with regard to certain claims made in the Complaint and, therefore, the Plaintiff is

not entitled to recover for any claim for which she has failed to exhaust administrative

remedies.

14.      Pursuant to Code of Alabama 1975 § 6-11-21(e) no defendant shall be liable

for any punitive damages unless the defendant has been expressly found by the trier of fact

to have engaged in conduct as described in Code of Alabama 1975 § 6-11-20 warranting

punitive damages, and such defendant shall only be liable for punitive damages

commensurate with that defendant's own conduct.

15.      This Defendant avers that it was justified in laying off the Plaintiff in this

matter and that the Defendant is entitled to a Judgment in its favor.

16.      This Defendant avers that the Plaintiff cannot set forth a *prima facie* case of

discrimination.

17.      This Defendant avers that any injuries or damages claimed in the Complaint

by the Plaintiff are not causally related to any illegal or wrongful act or actions of this Defendant and, therefore, the Plaintiff is not entitled to recover damages for those injuries.

18.    This Defendant pleads a lack of proximate cause.

19.    The Plaintiff is unable to show direct evidence of discrimination with regard to the matters set forth in her Complaint and she is, therefore, not entitled to recover.

20.    This Defendant avers that it had a legitimate, non-discriminatory reason for all actions taken by this Defendant relative to the Plaintiff and the Plaintiff is, therefore, not entitled to recover from this Defendant.

21.    This Defendant avers that the Plaintiff fails to show by circumstantial evidence that discrimination occurred in this matter.

22.    This Defendant pleads all defenses allowed and set forth in the Civil Rights Act of 1866, as amended by §101 of the Civil Rights Act of 1991, and codified as 42 USC §1981 and as 42 USC §2000(e) *et seq.*

23.    This Defendants pleads the cap on damages as set forth in 42 USC §1981 and 42 USC §2000(e) *et seq.*

### THIRD DEFENSE

The awarding of discretionary, compensatory damages for physical pain and mental suffering on behalf of a plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

According to Alabama law, the purpose of awarding compensatory damages is to

4

reimburse one for loss suffered and gives the equivalent or substitute of equal value for something lost. However, there are no fixed standards for the ascertainment of compensatory damages recoverable for physical pain and mental suffering.  The amount of damages for such a claim is left to the sound discretion of the jury with no specific, much less objective, standards for the award.  Therefore, the procedure pursuant to which compensatory damages for physical pain and mental suffering are awarded violate the Constitution for the following reasons.

1)    It fails to provide a reasonable limit on the amount of the award against a Defendant which thereby violates the due process clause of the Fourteenth Amendment of the Constitution of the United States.

2)    It fails to provide specific standards for the amount of the award of compensation which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution.

3)    It results in the imposition of different compensation for the same or similar acts, and thus violates the equal protection clause of the United States Constitution.

4)    It constitutes depravation of property without due process of law.

The awarding of discretionary, compensatory damages for physical pain and mental suffering on behalf of a Plaintiff violates the Due Process Clause, Article I, Section 6 of the Constitution of the State of Alabama on the following grounds.

1)    It fails to provide a reasonable limit on the amount of the award against a

Defendant which thereby violates the due process clause of the Fourteenth

Amendment of the Constitution of the United States.

2)    It fails to provide specific standards for the amount of the award of

compensation

3)    It results in the imposition of different compensation for the same or similar

acts.

4)    It constitutes depravation of property without due process of law.

## FOURTH DEFENSE

These Defendants aver that the Plaintiff's claims are barred in whole or in part by the

applicable statute or statutes of limitation.

## FIFTH DEFENSE

These Defendants plead all applicable provisions of *Code of Alabama* 1975 §6-11-

21(a).

## SIXTH DEFENSE

Pursuant to *Code of Alabama* 1975 § 6-11-21(e) no defendant shall be liable for any

punitive damages unless the defendants have been expressly found by the trier of fact to have

engaged in conduct as described in *Code of Alabama* 1975 § 6-11-20 warranting punitive

damages, and such defendants shall only be liable for punitive damages commensurate with

that defendants' own conduct.

## SEVENTH DEFENSE

The awarding of punitive damages to a plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

a.   It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the Plaintiff satisfying a burden of proof which is less than "beyond a reasonable doubt" which is the burden of proof required in criminal cases.

b.   The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for differed alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

c.   The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties of the same or similar acts, and thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States.

d.   The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenths Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

e.   The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

f.   The Plaintiff's attempt to impose punitive or extra contractual damages on a Defendant on the basis of vicarious liability violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

7

## EIGHTH DEFENSE

The award of punitive damages to the Plaintiff violates the Due Process Clause of Article I, Section 6 of the Constitution of Alabama on the following grounds:

a.    It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

b.    The award of punitive damages in this case constitutes a deprivation of property without due process of law.

c.    The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15 of the Constitution of the State of Alabama.

d.    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague.

## NINTH DEFENSE

The law with regard to punitive damages in this State fails to allow for an assessment of punitive damages against each defendant regarding and/or respecting the particular acts and/or failure to act of a defendant and the law of punitive damages in this State fails to otherwise allow for differentiation with regard to the conduct and/or culpability of a particular defendant and, therefore, the law of punitive damages violates the Fourteenth Amendment to the Constitution of the United States and the Fourteenth Amendment to the

8

Constitution of the State of Alabama.

H. E. NIX, JR. (NIX007)
Attorney for Defendant

OF COUNSEL:
*Nix Holtsford Gilliland Higgins & Hitson, P.C.*
Post Office Box 4128
Montgomery, AL 36103-4128
(334) 215-8585

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing has been served upon:

Malcolm R. Newman
P. O. Box 6137
Dothan, AL 36302

either by personal delivery or by placing a copy of same in the United States Mail, postage prepaid and properly addressed, on this the _____ day of _____, 2006.

OF COUNSEL